**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-1234-L** |
| | § | |
| **SEBASTIAN B. DEMARS,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the United States' Motion for Default Judgment, filed June 15, 2016. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.    Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on May 6, 2016, against Sebastian B. Demars ("Defendant" or "Demars"). This action arises from the failure of Demars to make the required payments on loans he obtained on January 8, 1993; November 19, 1993; and November 4, 1996 ("loans").

The loans were disbursed for $2,511 on February 22, 1993, through March 15, 1993; $2,625 on November 18, 1993, through December 7, 1993; and $5,500 on November 15, 1996, through December 9, 1996, at a variable rate of interest to be established annually by the Department of Education. The loans were guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 *et seq.* (34 C.F.R. Part

682). After demand of payment by the United States, Demars defaulted on the loans on May 15, 1997, and April 22, 1999.

Demars was served with a copy of the summons and Complaint on May 18, 2016. He was required to answer or otherwise respond to the Complaint by June 8, 2016, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Demars has not answered or otherwise responded to the Complaint.

On June 15, 2016, the United States requested the clerk of court to enter a default against Demars, and the clerk made an entry of default against Demars the same day. Plaintiff now requests the court to enter a default judgment against Demars and award it damages and applicable interest as a result of his default.

## II.     Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Demars. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Demars, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Demars is in default and that the United States is entitled to a default judgment and appropriate damages.

**Memorandum Opinion and Order – Page 2**

Based on the record, the total amount that Demars owed the United States as of December 17, 2015, was $17,284 ($12,069.52 in principal and $5,214.48 in interest). Interest accrues on the principal at the rate of $1.06 per day. The number of days from December 17, 2015, to June 16, 2016, is 182, which results in additional interest in the amount of $192.92. Therefore, the total amount of judgment to which the United States is entitled is **$17,476.92.**

### III.     Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$17,476.92.** The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 16th day of June, 2016.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge